**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        Plaintiff,

   vs.                       **Case No. 05-40147-01-RDR**

JASON M. HARRIS,

        Defendant.

_____

<u>**MEMORANDUM AND ORDER**</u>

On May 18, 2006 the court sentenced the defendant.  The purpose of this memorandum and order is to memorialize the rulings made by the court during the hearing.

The defendant entered a plea of guilty to possession of a firearm by a felon in violation of 18 U.S.C. § 922(g) on February 10, 2006.  Following the preparation of a presentence report, the defendant filed one objection to it.  The defendant objects to the calculation of his offense level based upon his prior criminal history.  Having carefully reviewed the arguments of the parties, the court must sustain the objection.

Under the guidelines, a defendant's offense level is enhanced to an offense level of 24 if he committed the § 922(g) crime after two felony convictions of either a crime of violence or a controlled substance offense.  Here, the probation office has enhanced the defendant's offense level to 24 because he has two prior felony crimes of violence: (1) attempted indecent solicitation of a child; and (2) criminal threat.  The defendant

objects to the probation office's categorization of attempted

indecent solicitation of a child as a crime of violence for the

purposes of the guideline computation.

Concerning the disputed crime, the defendant was originally

charged in Kansas state court with indecent liberties with a child

between 14 and 16 years old.  The defendant was allowed to plead

"no contest" to the lesser charge of "attempted indecent

solicitation of child" without an amended complaint or a written

plea agreement.  The defendant was originally sentenced to a term

of probation, but that sentence was revoked and the underlying

sentence was imposed.

The term "crime of violence" is defined in the guidelines as

follows:

> (a) The term "crime of violence" means any offense
> under federal or state law, punishable by imprisonment
> for a term exceeding one year, that--
>> (1)has as an element the use, attempted
>> use, or threatened use of physical force
>> against the person of another, or
>> (2) is burglary of a dwelling, arson,
>> extortion, involves use of explosives, or
>> otherwise involves conduct that presents a
>> serious potential risk of physical injury to
>> another.

U.S.S.G. § 4B1.2.

The accompanying commentary to § 4B1.2 provides that crime of

violence includes "forcible sex offenses."  Id. at n. 1.  It also

states that crime of violence includes conduct that "by its nature,

presented a serious potential risk of physical injury to another."

Id.   The government has the burden of establishing that a prior crime is a crime of violence.   See United States v. Guzman, 318 F.3d 1191, 1198 (10th Cir. 2003) (recognizing that government bears burden of proving sentencing enhancements).

In determining whether a prior crime is a crime of violence, the court must apply a categorical approach.   United States v. Martinez-Hernandez, 422 F.3d 1084, 1086 (10th Cir. 2005).  Under the categorical approach, we look to the terms of the underlying statute of conviction rather than the actual facts underlying the conviction.  Id. In certain circumstances, however, the categorical approach permits courts to look beyond the statute of conviction. Id.  "When the underlying statute reaches a broad range of conduct, some of which merits an enhancement and some of which does not, courts resolve the resulting ambiguity by consulting reliable judicial records, such as the charging document, plea agreement, or plea colloquy."  Id.; see Shepard v. United States, 544 U.S. 13, 125 S.Ct. 1254, 1259-60, 1263 (2005).  However, we are prohibited from probing police reports or complaint applications as they would require us to inquire into the factual basis for the earlier conviction, thereby upsetting the purpose of the categorical approach, which is to avoid collateral trials.  Shepard, 125 S.Ct. at 1257, 1261.

Under Kansas law, indecent solicitation of a child is "enticing or soliciting a child 14 or more years of age but less

than 16 years of age to commit or to submit to an unlawful sexual act." K.S.A. 21-3510(a)(1).  Attempt is defined as "any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime." K.S.A. 21-3301. Both attempt and solicitation are defined in the "Anticipatory Crimes" section of the Kansas criminal code.

The "unlawful sexual act" element is not limited by the statute.  As pointed out by the defendant, it could include various crimes such as lewd and lascivious behavior by public exposure, K.S.A. 21-3508, or advice to engage in an unlawful act with someone else.

The defendant argues that, considering the language of the statute, it is not a crime of violence.  The defendant states:  "It does not have an element of use, attempted use, or threatened use of physical force.  And it does not, by its broad nature, present a serious risk of physical injury.  It is a crime of conversation, or words, not of action.  Here, it is a crime of attempted words."

The probation office points to United States v. Coronado-Cervantes, Jr., 154 F.3d 1242 (10th Cir. 1998) as support for its position.   There, the Tenth Circuit reached the following conclusion:   "Every published appellate decision which has considered applying the 'otherwise' clause in the context of sexual offenses involving minors has found a 'serious potential risk of

physical injury' to the minors under U.S.S.G. § 4B1.2[(a)(2)] and has held that the offenses at issue are 'crimes of violence.'" Coronado-Cervantes, 154 F.3d at 1244 (citing cases).

After considering Coronado-Cervantes and the case cited therein, we find this case is distinguishable.  In Coronado-Cervantes, the defendant's prior crime was engaging in sexual conduct with a minor.  The Tenth Circuit noted the conduct with which the defendant was charged and to which he pleaded guilty presented a serious potential risk of injury to the victim and thus should be considered a crime of violence.  Here, we have a crime that is at best ambiguous when one looks at the language of the statute.  With some additional information, we could easily find that a crime of violence is present here.  However, the government was not able to produce the charging document, the plea agreement, or the plea colloquy.  Without this information, we cannot find that the defendant's underlying crime constitutes a crime of violence.

Accordingly, the court must reduce defendant's offense level to 17 and his guideline range becomes 37 to 46 months.   In determining the sentence to be imposed, the court has consulted the application of the guidelines and taken them into account.  The court has decided that the appropriate sentence for this case is 46 months.  The court believes this sentence will meet the sentencing objectives of deterrence, punishment, rehabilitation and protection

of the public.   Further, the court believes this is a fair and reasonable sentence and it is a sentence sufficient, but not greater than necessary, to comply with the aforementioned sentencing purposes in light of all the circumstances in this case, including the nature and circumstances of the offense and the history and characteristics of the defendant.   Finally, the court has considered the need to avoid unwarranted sentencing disparities among defendants who have been found guilty of similar conduct and the need to provide restitution to any victims of the offense.

**IT IS SO ORDERED.**

Dated this 23rd day of May, 2006 at Topeka, Kansas.


                            s/Richard D. Rogers
                            United States District Judge

6